

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable L.A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:

Opinion No.-O-4067
Re: Appointment of traveling auditor by
Board of Education.

We have received your letter of recent date in which you ask
the opinion of this department upon the following question, which we
quote from your letter:

"Does the State Board of Education have authority
to employ an auditor to go into the schools and pick
up textbooks, which responsibility, it seems to me is
fixed by statute upon the State Superintendent of Public
Instruction, without the consent of the State Superin-
tendent?"

The past Legislature in its appropriation to the Board of
Education provided therein the following item:

"4. Traveling auditor . . . . . .$2,700.00   $2,700.00"

The duties of the traveling auditor are not specified; therefore, it was
determined by the Board that his duties would consist of going into the
public schools of this State and auditing textbooks for the purpose of
picking up books which he considers are not needed in the school district
You wish to know whether the Board is empowered to employ the auditor for
the above mentioned purposes without your consent.

Articles 2866, 2870, 2876a, 2876b, and 2876h, Revised Civil
Statutes, are quoted respectively as follows:

"Article 2866. The State Board of Education is
hereby authorized and empowered and it is made its duty
to purchase books from the contractors of textbooks
used in public free schools of this State and to distri-
bute the same without other cost to the pupils attend-
ing such schools within this State in the manner and
upon the conditions hereinafter set out."

"Article 2870. The purchase and distribution of
free textbooks for the State shall be under the manage-
ment of the State Superintendent of Public Instruction,
subject to the approval of the State Board of Education."

"Article 2876a.  Teachers and school officers must make such reports as to the use, care and condition of free textbooks as may be required by the local trustees or by the State Department of Education.  The salary for any month of any teacher or employee who neglects to make such report at the proper time may be withheld until each report be received in a condition satisfactory in form and consent.  Textbooks shall be subject to inspection by any inspector oragent authorized by those having charge of the local textbook service, or authorized by the State Superintendent of Public Instruction, subject to the approval of the State Board of Education, provided that inspectors authorized by the State Department of Education shall be those in regular employment as high school inspectors, rural school inspectors, or inspectors of vocational education."

"Article 2876b.  Specific rules as to the requisition, distribution, care, use, and disposal of books may be made by the State Superintendent of Public Instruction, subject to the approval of the State Board of Education; provided, that such rules shall not conflict with the terms of said contract.  No teacher or employee of the school engaged in the distribution of textbooks under this law as the agent or employee of the State, or of any county or district in the State shall, in connection with this distribution, sell or distribute, or in any way handle, any kind of school furniture or supplies, such as desks, stoves, blackboards, crayon, erasers, pens ink, pencils, tablets, etc."

"Article 2876h.  All necessary expenses incurred by the operation of this Act incident to the enforcement of this law shall be paid from the State Textbook fund herein provided for upon bills approved by the State Superintendent of Public Instruction, and shall be paid upon warrants drawn by the Comptroller upon the Treasury of the State."

These Statutes were originally enacted as Sections 1, 5, 12, 13, and 23 of Senate Bill 118 of the 36th Legislature (Acts 1919, 36th Leg., R.S., Ch. 29, S.B. 118), and were codified by Vernon in the Complete Statutes of Texas of 1920 as Articles 2904¼d, 2904¼d, 2904¼k, 2904¼l, and 2904¼u, respectively.  Articles 2876e and 2876f, R.C.S., 1925, to which you refer in the letter were originally enacted as Sections 17 and 18 of the 1919 act and were codified by Vernon in the Complete Statutes of 1920 as Articles 2904¼p and 2904¼q respectively.

We are of the opinion that under Article 2876a, quoted above, the inspection of textbooks is under the authority of the State Superintendent, subject to the approval of the Board of Education.

However, we are also of the opinion that the Board of Education may appoint a person to compile data and reports as to the condition and use of textbooks which will aid the Board in the performance of its duties in the purchase and distribution of textbooks.  See Revised Civil

Statutes, Title 49, Chapter 16; American Book Co.  v.  Marrs, 253 S.W. 817; Charles Scribner's Sons  v.  Marrs, 262, S.W. 722.

We  are informed that the Board of Education has taken no action whatsoever toward either the appointment of a person to fill the position of traveling auditor, itemized in the appropriation bill, or the definition of his duties.  For this reason we feel that we can go no further in answering your question than we have done above.  If such appointment is made and there appears to be a conflict between the duties of such appointee and those of the inspectors of the Department of Education, then upon submission of a request therefor, we will be glad to consider the authority and power of the respective agencies in the matter.

Very truly yours

Attorney General of Texas


By s/ George W. Sparks
   George W. Sparks
   Assistant

GWS:WFS:wc


APPROVED OCT 29, 1941
s/ Grover Sellers
FIRST ASSISTANT
ATTORNEY GENERAL


Approved Opinion Committee By s/BWB Chairman